IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JONATHAN GOFF, <br> DARYL S. HARDEN AND <br> NORMAN O. FARRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> MORTON SALT, INC. AND <br> R. L. RAY, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT AGAINST**
**DEFENDANTS MORTON SALT, INC. AND R. L. RAY**

Plaintiffs Jonathan Goff, Daryl S. Harden, and Norman O. Farris file this Original Complaint against Defendants Morton Salt, Inc. and R. L. Ray, and for cause of action would respectfully show as follows:

**THE PARTIES**

1. Plaintiff Jonathan Goff is a resident citizen of the State of Georgia. Plaintiff Daryl S. Harden is also a resident citizen of the State of Georgia. Plaintiff Norman O. Farris is a resident citizen of the State of Alabama.

2. Defendant Morton Salt, Inc. is a corporation which was incorporated in the State of Delaware and its principal place of business is located in the state of Illinois. Defendant regularly conducts business in the State of Texas, particularly at its Grand Saline salt mine located in Van Zandt County, Texas. It is registered to do business in the State of Texas and its registered agent is Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

-2-

3. Defendant R. L. Ray is an individual who, upon information and belief, is a resident citizen of Tyler, Smith County, Texas. His last known address is P.O. Box 689, Tyler, Texas 75710.  He may be regarded as a nominal party as far as is known to Plaintiffs.

## JURISDICTION AND VENUE

4. This is an action seeking an accounting and seeking monetary damages. Declaratory relief is also sought per the provisions of the Texas Uniform Declaratory Judgment Act, Chapter 37, Texas Civil Practice & Remedies Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. At least a portion of the relief being sought in this suit cannot be determined without an accounting.  This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that it involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2), in that it is a civil action in which a substantial part of the property made the subject of this action is situated in such district.

## INTRODUCTION AND FACTS

6. Plaintiffs and Defendants are co-owners of a fee-simple interest in certain real estate property situated in Van Zandt County, Texas, further described in Exhibit "A" attached hereto and made a part hereof for all purposes.  The property is located in and is a part of a major salt dome.

7. Plaintiffs' share of the tract of land and mineral interest described in Exhibit "A" is ½ (22.0845 net acres).

8. Defendant Morton's share of the tract of land and mineral interest described in Exhibit "A" is ¼ (11.04225 net acres).

9. Defendant Ray's share of the tract of land and mineral interest described in Exhibit "A" is ¼ (11.04225 net acres).

10. Plaintiffs believe that Defendant Morton has undertaken to mine salt from the tract of land described in Exhibit "A", has marketed and sold such salt, and derived profit therefrom without paying Plaintiffs their fair share. Plaintiffs demand an accounting from Defendant Morton of all income received from any source as a result of Defendant's mining of the subject property, and demand compensation commensurate to Plaintiffs' interest.

11. Plaintiffs believe that a fair estimate of the value of the property is multiple millions of dollars.

12. Plaintiffs have found it necessary to employ attorneys to bring suit for an accounting as described above. Plaintiffs are, therefore, entitled to recover reasonable and necessary attorneys'. In the event of an appeal to the Court of Appeals, Plaintiffs would be further entitled to additional reasonable and necessary attorneys' fees; in the event of an appeal to the United States Supreme Court, Plaintiffs would be entitled to additional reasonable and necessary attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be summoned to appear and answer herein and that, upon trial hereof, the Court enter its Order:

a. Ordering an accounting by Defendant Morton of all income from whatever source received by Defendant Morton from the mining of such real property to the present;

b. Awarding damages to Plaintiffs for their share of the profits derived from the mining, marketing and sale of salt from such property;

    c.    Awarding pre-judgment interest as provided by law at the legal rate, plus recovery of costs and such other and further relief to which Plaintiffs may show themselves to be justly entitled;

    d.    Post-judgment interest as provided by law;

    e.    Costs of suit;

    f.    Reasonable and necessary attorneys' fees;

    g.    Ordering Defendant Morton to provide periodic accounting to Plaintiffs each 6 months of income from whatever source received by Defendant Morton from its mining of such property from the date of judgment herein;

    h.    Such other and further relief to which Plaintiffs may be justly entitled.

DATED:  July 18, 2013                                  Respectfully submitted,

                                                                /s/ Tom Henson
                                                          Tom Henson
                                                          State Bar Card No. 09494000
                                                          RAMEY & FLOCK, P.C.
                                                          Attorneys-at-Law
                                                          100 East Ferguson, Suite 500
                                                          Tyler, TX 75702
                                                          Telephone: 903-597-3301
                                                          Fax: 903-597-2413
                                                          Email: thenson@rameyflock.com

                                                          ATTORNEYS FOR PLAINTIFFS
                                                          JONATHAN GOFF,
                                                          DARYL S. HARDEN AND
                                                          NORMAN O. FARRIS

-5-

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  All other counsel of record will be served by U.S. mail on this the 18th day of July, 2013.

                                                                    /s/ Tom Henson
                                                                    Tom Henson